OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 We agree with both the trial court and the Appellate Division majority that the juror’s conduct did not rise to the level of the “conscious, contrived experimentation” found to be misconduct in
 
 People v Brown
 
 (48 NY2d 388, 394). Rather, the juror’s evaluation of the ability to observe the interior of an automobile through its rear window, made while walking to dinner between deliberations and again while riding in a bus with jurors to the hotel after being sequestered, is properly classified as an everyday experience and, therefore, not misconduct (see, generally,
 
 United States ex rel. Owen v McMann,
 
 435 F2d 813, 817-818, cert den 402 US 906).
 

 The better practice is for a Trial Judge presented with evidence of such action by a juror to hold a hearing in order to ascertain exactly what transpired, rather than to rely upon attorneys’ affidavits concerning what the juror said he did (cf.
 
 People v Brown,
 
 48 NY2d 388, 392,
 
 supra; State v Graham,
 
 422 So 2d 123 [La], app dsmd
 
 sub nom. Graham v
 
 Louisiana, _ US _, 103 S Ct 2419).
 

 
 *991
 
 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
 

 Order affirmed in a memorandum.