■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SATIRO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered July 1, 1986, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that he was deprived of a fair trial by the introduction into evidence of a notebook and expert testimony with respect thereto which indicated his significant involvement with the sale of cocaine. We disagree.

It is well settled that evidence of prior uncharged criminal conduct is not admissible on the People's direct case when its sole purpose is to show the defendant's predisposition to commit the crime charged *(see, People v Santarelli,* 49 NY2d 241, 247, *rearg denied* 49 NY2d 918; *People v Allweiss,* 48 NY2d 40, 46-47; *People v Molineux,* 168 NY 264). Nevertheless, such evidence has been held admissible, in an appropriate case, for the purpose of proving some fact other than criminal propensity such as intent or motive *(see, People v Molineux, supra,* at 313; *People v Santarelli, supra,* at 247-248; *People v Vails,* 43 NY2d 364). The process of determining

whether or not to admit particular evidence involves a balancing of the degree of probativeness as to the crime charged against the potential for prejudice to the defendant (see, People v Ventimiglia, 52 NY2d 350, 359-360). That determination rests in the broad discretionary power of the trial court (see, People v Schwartzman, 24 NY2d 241, 244, cert denied 396 US 846; People v Short, 110 AD2d 205, 213, lv denied 67 NY2d 657), and its exercise is to be based upon a proper assessment of the relevant factors (see, People v Ventimiglia, supra, at 359-360; People v Sudler, 100 AD2d 915, 916).

A review of the record indicates that the trial court conducted a sufficient inquiry to support its determination that admission of the notebook and expert testimony was probative of the question whether or not the defendant exercised dominion and control over the seized contraband. As such, it was evidence relating directly to the crime charged, i.e., possession, and inextricably interwoven therewith (see, People v Vails, supra, at 368-369; People v Crandall, 67 NY2d 111, 116-117).

In any event, the court's instructions limited any prejudicial impact of the evidence of the defendant's drug dealing and properly alerted the jury to the manner in which this evidence was to be treated. The court reminded the jury that the defendant was charged with possession as opposed to the sale of cocaine and that the defendant should not be convicted on the basis of any uncharged crimes.

We have considered the defendant's other contentions and find them to be without merit. Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.