OPINION OF THE COURT
Herbert Kramer, J.
Is trial testimony of acts committed and statements made by drug seekers within a short time after seller’s arrest admissible? The court holds that such statements are not *112 hearsay and are admissible to illustrate a defendant’s state of mind.
PACTS
Police were engaged in surveillance of a small multiple dwelling and its environs from several hundred feet away. They observed a steady stream of people entering a side alley and exiting shortly thereafter, some peering at a small hand-held item.
After a time, the officers went through the alley and found a litter-strewn lot in the back of the premises, a series of windows and a doorway containing a missing peephole typically used in drug sales called "peephole operations”. An officer knocked at the door, and was asked what he wanted. He replied, "What do you have?”, and was told cocaine and marihuana.
The officers identified themselves and were told to and did enter the basement through an inside stairway, the only operative exit since the outside door had been bolted and reinforced shut. In the basement, the officers recovered marihuana and empty vials used to store "crack”, a cocaine derivative. They inspected a dumbwaiter whose shaft ended four feet above the basement floor and in a canvas bag suspended approximately seven feet above the bottom of the dumbwaiter, found over 1,500 vials of crack, weighing more than four ounces. The canvas bag was equally accessible to the occupants of the first floor and the basement.
While the officers searched the basement, there was a continuing series of knocks on the back door; persons on the other side of the door were asking to purchase narcotics. The drug seekers passed money through the peephole and on one occasion, when the police officer responded that the amount was not sufficient, pushed a wristwatch through the door.
Defendants contend that the postarrest statements of the drug seekers are hearsay and that the state of mind of a listener cannot be proved by statements of a speaker. Furthermore, they allege that these acts and statements are irrelevant, since they took place after their arrest. Finally, they claim that the testimony of the acts and statements are so prejudicial as to outweigh any limited probative value.
DISCUSSION
Hearsay is an oral or written assertion, or nonverbal con *113 duct intended as an assertion, made by a person other than while testifying, offered in evidence to prove the truth of the matter asserted. (Proposed NY Code of Evidence § 801 [1982]; cf., Richardson, Evidence § 200 [Prince 10th ed].) Ordinarily, a witness may be cross-examined regarding a fact of which he claims personal knowledge. However, where hearsay is involved, a more limited opportunity to cross-examine exists. This limitation is the major justification for the exclusion of hearsay. (Richardson, Evidence § 201 [Prince 10th ed].)
Acts and statements are not hearsay when they evidence state of mind. State of mind may include knowledge, intent, motive, common plan, mental attitude, pain or bodily health. (People v Satiro, 132 AD2d 717; People v Vails, 43 NY2d 364 [1977]; People v Crandall, 67 NY2d 111 [1986]; see also, Richardson, Evidence §§ 203-205 [Prince 10th ed]; United States v Beechum, 582 F2d 898 [5th Cir 1978]; Proposed NY Code of Evidence §§ 801,803.) In the case at bar, knowledge of possession and intent to sell are elements of the charged crime. Here, numbers of people were seen approaching a location for drugs, which may indicate knowledge of drug availability at that location. This knowledge, possessed by the purchasers, may be shared by the surveyor or possessor.
Thus, statements can be used to show state of mind of the hearer or declarant. (Richardson, Evidence § 205 [Prince 10th ed]; People v Harris, 209 NY 70 [1913]; Ferrara v Galluchio, 5 NY2d 16 [1958]; see also, State v Tolisano, 136 Conn 210, 70 A2d 118, 13 ALR2d 1405 [1949].)
In Tolisano (supra), defendant was convicted of maintaining a room with apparatus for making wagers. The court, in affirming, held that police testimony of telephone conversations received from bettors after the premises were secured was admissible. The court admitted the testimony, not to establish the truth of the facts asserted in the telephone calls to the apartment, but to establish the calls as verbal acts to show that the defendant was engaged in the activities charged. (See also, State v White, 107 RI 306, 267 A2d 414 [1970]; United States v Barbati, 284 F Supp 409 [1968].) Similarly, in the instant case, the statements and acts of the persons attempting to purchase narcotics may be introduced to indicate that the defendants were aware of the presence of narcotics and intended to sell drugs.
Further, such acts and statements that are admissible as nonhearsay can be subsequent, prior or contemporaneous to *114 the time of the crime charged. (United States v Hearst, 563 F2d 1331 [9th Cir 1977], cert denied 435 US 1000 [1978]; United States v Terebecki, 692 F2d 1345 [11th Cir, Ala 1982]; United States v Hadaway, 681 F2d 214 [4th Cir 1982]; United States v Peskin, 527 F2d 71 [7th Cir, 111 1975], cert denied 429 US 818 [1976].)
Additionally, courts will admit evidence of collateral crimes or acts when the crime or act in question is part of the res gestae of the charged offense and takes place during the charged offense or immediately before or after. (United States v Kloock, 652 F2d 492 [5th Cir, Fla 1981]; United States v Lamb, 575 F2d 1310 [10th Cir, NM 1978], cert denied sub nom. Clary v United States, 439 US 854 [1978].)
Prior, subsequent or contemporaneous crimes or acts are most frequently introduced to indicate intent. (United States v Marvin, 687 F2d 1221, 1228 [8th Cir 1982], cert denied 460 US 1081 [1983].) Thus, if evidence of subsequent crimes or acts would tend to show that the defendant had the requisite intent, then such evidence may not be hearsay. (Schroeder, Evidentiary Use in Criminal Cases of Collateral Crimes and Acts: A Comparison of the Federal Rules and Alabama Law, 35 Ala L Rev 241; Note, Extrinsic Offense Evidence at Trial Under Federal Rule of Evidence 404 [b] — The Need for a Uniform Standard, 25 Wayne L Rev 1345 [the proof of specific elements of a crime can be obtained through the use of extrinsic or collateral offense evidence].) The knocking on the door by the drug seekers, along with the money and watch entering, illustrates that the occupants had the requisite knowledge of possession along with intent to sell.
In addition to being relevant, the collateral evidence must possess probative value that is not substantially outweighed by its prejudicial effect. (People v Harris, 209 NY 70, supra; cf., People v Feldman, 296 NY 127 [1947]; United States v Beechum, 582 F2d 898, supra; United States v Kendall, 766 F2d 1426 [1985], cert denied 474 US 1081 [1986], citing Fed Rules Evid, rule 404 [b].) The proffered evidence here does not indicate a completed crime by the defendants, thus lessening any prejudice.
Additionally, this evidence is useful to explain ambiguous events of the surveillance and the precise location of prior sales. Proof of the existence of a condition at a given time raises a presumption that is continued for as long as is usual with things of that nature. (People v Brown, 115 Misc 2d 277, *115 280 [City Ct, Westchester County 1982]; Richardson, Evidence § 74 [Prince 10th ed].) The present case is one such instance where the acts and statements of the drug seekers amplify the prior, illegal activity at the location in question.
This court thus holds that the postarrest acts and statements are highly probative of knowledge, possession and intent on the part of the defendant. They also identify the drug location with precision by eliminating the first-floor residents as the possessors and sellers of the drugs. There is little if any prejudice to the defendant, since there is no separate crime being testified to; merely subsequent activities explicating the prior sequence of events.