■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY G. SURACI, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered January 30, 1986, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A central issue at trial was the accuracy of the identification of the defendant by a witness who saw the defendant's reflection in the side-view mirror of a van in which the defendant was sitting. After the jury returned its guilty verdict, one of the jurors revealed to the defense counsel that during deliberations he looked into the side-view mirror of the minibus used to transport jurors. At a hearing on the motion to set aside the verdict, the juror testified that before boarding the minibus for the ride to the courthouse one morning he walked to the driver's side and glanced into the side-view mirror at the driver seated in the bus. He mentioned his

observation to the other jurors during deliberations and a 5-to 10-minute discussion ensued. Before the discussion, all 11 other jurors were in agreement as to the verdict they would return; the juror in question was of the opposite view, partly because of his observation. Following the discussion, all the jurors retained their previously held views except this juror, who ultimately changed his opinion to conform with the rest of the panel. The defendant contends that the juror's observation constituted misconduct, in effect making the juror an unsworn witness against him and denying him his constitutional rights to confrontation and cross-examination. The hearing court found the juror's conduct to be nothing more than the "application of everyday experience" to the issues presented at trial rather than "a conscious, contrived experiment" and thus found that it did not taint the subsequent verdict. We agree (see, *People v Smith*, 87 AD2d 357, *affd* 59 NY2d 988; *cf., People v Brown*, 48 NY2d 388).

We cannot conclude, upon the standards set forth in *People v Brown (supra)*, that the juror's observation denied the defendant a fair trial. First, the juror made a casual observation of a common, everyday experience which was readily available to any of the jurors without the benefit of any special expertise. Second, inasmuch as the identifying witness testified that he not only viewed the defendant's profile in the mirror but also obtained a direct full-face view of him, the reflected view was not the sole basis for the witness's identification. Moreover, additional evidence, including the witness's identification of the van, was presented to connect the defendant with the burglary. Thus, unlike in *Brown*, the juror's conduct here, while material to the issue of identity, did not bear upon the only evidence placing the defendant at the scene of the crime. Finally, the juror's testimony established that his observation did not create "a substantial risk of prejudice to the rights of the defendant by coloring the views of the other jurors as well as [his] own" inasmuch as following the juror's revelation of his observation to the panel, none of the other jurors changed their opinion (*cf., People v Brown, supra*, at 394).

We have examined the defendant's remaining contentions including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.