■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FITZ DEPASS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered February 3, 1987, convicting him of criminal posses-

sion of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We agree with the defendant's contention that his right of confrontation was violated as a result of the failure to effectively redact the pretrial statement of his codefendant which implicated the defendant in the crimes charged (see, Cruz v New York, 481 US 186; Bruton v United States, 391 US 123; People v Lopez, 68 NY2d 683; cf., Richardson v Marsh, 481 US 200). The error was not harmless beyond a reasonable doubt since the incriminating statement provided a crucial link in the chain of circumstantial proof of the defendant's constructive possession of a quantity of cocaine found hidden in an unused dumbwaiter located in the basement where the defendant was arrested. The evidence indicated that the defendant lived elsewhere, and the People adduced no evidence that he frequented the premises or had in his physical possession anything that would indicate that he exercised dominion and control over the area where the cocaine was found (see, People v Hamlin, 71 NY2d 750; People v Di Nicolantonio, 140 AD2d 44; People v Headley, 143 AD2d 937; People v Ortiz, 137 AD2d 727; Penal Law § 10.00 [8]).

In reversing the defendant's conviction of criminal possession of a controlled substance in the first degree and ordering a new trial, we conclude that a new trial should be had with respect to all three counts charged in the indictment. The record clearly indicates that the jury did not consider the remaining two counts of the indictment once it had found the defendant guilty of the first count. The jury's action did not amount to an acquittal of the defendant of those charges (see, People v Jackson, 20 NY2d 440).

In light of our reversal, we do not reach the defendant's remaining contentions. Mangano, J. P., Brown, Kooper and Harwood, JJ., concur. [See, 137 Misc 2d 111.]