■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO LEGISTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered September 29, 1986, convicting him of rape in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A central issue at trial was the reliability of the identification of the defendant by the complainant who saw him in her dimly lit apartment. After the jury returned its verdict, one of the jurors revealed to defense counsel that during deliberations while sequestered in her hotel room she adjusted the lights to imitate the crime scene and had another juror walk in and out of the room. Prior to this incident she was the only holdout for acquittal. She concluded that the lighting conditions were sufficient to enable the complainant to see the face and clothing of her assailant. The next day she discussed her reenactment with other members of the jury. Another vote was taken and the defendant was unanimously found guilty. This information was brought to the attention of the court and after a hearing it determined that the juror's conduct had no real effect on "the average juror" and was, thus, "harmless beyond a reasonable doubt."

Based upon the standards set forth in *People v Brown* (48 NY2d 388), we conclude that the juror's observation did not deny the defendant a fair trial. First, the juror made an observation of a common, everyday experience which was readily available to any of the jurors without the benefit of any special expertise. Second, inasmuch as the complainant

testified that she had left a light on in the bathroom and observed the defendant go into the bathroom, the view from the dimly lit bedroom was not the sole basis for her identification. In addition, the complainant testified that she had seen the defendant on three or four occasions in the past. Thus, the juror's conduct here, unlike that in *Brown,* while material to the issue of identity, did not bear on the complainant's only opportunity to view the defendant. Finally, the juror's testimony established that her observation did not create "a substantial risk of prejudice to the rights of the defendant by coloring the views of the other jurors as well as her own" inasmuch as prior to the juror's revelation of her observation, all of her fellow jurors had voted to find the defendant guilty *(People v Brown, supra,* at 394; *see, People v Suraci,* 137 AD2d 567, 568, *lv denied* 71 NY2d 1034).

Lastly, we conclude that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.