■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS CHARLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered February 3, 1987, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of those branches of the defendant's omni-

bus motion which were to suppress statements made by him to law enforcement officials, after a hearing, and physical evidence, without a hearing.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice by reducing the sentence imposed from 22 years' to life imprisonment to 15 years' to life imprisonment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The evidence clearly established that the defendant was in possession of the drugs over which he exercised dominion and control. A police investigation established that crack and marihuana were being sold from a fortified basement apartment in the back of a building through a slide-bolt peephole door. When the officers entered the basement at the invitation of the defendant they observed a quantity of marihuana in plain view which had been placed there to distract their attention from the bulk of the contraband which was hidden in an unused dumbwaiter. However, the contraband in the dumbwaiter was quickly uncovered by good investigative police work.

The hearing court properly found that the defendant lacked standing to contest the seizure since the evidence established that the defendant did not live in the basement. In this regard, we find that the codefendant's testimony that he and the defendant had been permitted to stay in the basement overnight by the superintendent of the building was properly discredited by the court.

Further, the hearing court properly refused to suppress the statement made by the defendant to the police since it was not the result of a custodial interrogation *(see, People v Wade,* 143 AD2d 703, 705; *People v Finlayson,* 76 AD2d 670, 678, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931).

There is no merit to the defendant's contention that the admission into evidence of a redacted version of a statement made by him and his codefendant deprived him of his right of confrontation and a fair trial *(see generally, Cruz v New York,* 481 US 186; *Bruton v United States,* 391 US 123). Contrary to the defendant's assertion, the evidence was that both the defendant and his codefendant acknowledged that the marihuana found at their feet was theirs and that they were

selling it for someone else. Redaction of the joint statement so that it inculpated only the defendant was proper since the prosecutor was precluded from using it against the codefendant because of a failure to give the required CPL 710.30 notice to the codefendant. The defendant's right of confrontation was not implicated since there was no testimony as to any statement made solely by the codefendant which inculpated the defendant *(cf., People v DePass,* 144 AD2d 690, 691).

We find the defendant's sentence was excessive to the extent indicated.

The defendant's remaining contentions are either unpreserved for appellate review or are without merit *(see, People v Hernandez,* 71 NY2d 233; *People v Seaberry,* 138 AD2d 422; *People v Tabora,* 139 AD2d 540; *People v Quesada,* 118 AD2d 604; *People v Dillard,* 117 AD2d 817; *People v Suitte,* 90 AD2d 80; *cf., People v Davis,* 44 NY2d 269). Mangano, P. J., Lawrence, Rubin and Balletta, JJ., concur. *[See,* 137 Misc 2d 111.]