■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SMALLS, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Owens, J.), rendered May 22, 1989, convicting him of murder in the second degree, and robbery in the first degree, upon a jury verdict, and imposing consecutive indeterminate terms of 22 years to life imprisonment and 3 to 9 years imprisonment respectively.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant signed a written statement confessing that, after gaining entry into the apartment of an elderly woman, he put her in a chokehold, tied her hands with a telephone cord and placed her in a closet, where she was later found dead. He also confessed to committing a robbery in her apartment. At the trial, the defendant contended that his confession was involuntary and made while he was high on crack cocaine. On appeal, he argues that he was denied a fair trial by the court's charge regarding the voluntariness of his statements. We disagree.

The defendant's claim regarding the charge is unpreserved for appellate review (see, CPL 470.05 [2]; People v Canty, 60 NY2d 830). In any event, the claim lacks merit. Although the court neglected to specifically charge the jury that the People must prove beyond a reasonable doubt that the defendant's statements were voluntary, the court repeatedly instructed the jury on the People's burden of proof beyond a reasonable doubt and emphasized that their burden of proof never shifts to the defendant. Thus, the charge as a whole adequately conveyed the correct standard to the jury (see, People v Woods, 41 NY2d 279; People v Nelson, 171 AD2d 702; People v Dean, 112 AD2d 947).

The defendant correctly contends, however, and the People concede, that the imposition of consecutive sentences for the felony murder and the underlying robbery was error. Accordingly, we have modified the sentences so that they run concurrently with one another. We reject the defendant's further contention that the concurrent sentences are still excessive (see, People v Delgado, 80 NY2d 780). Bracken, J. P., Sullivan, Rosenblatt and Lawrence, JJ., concur.