■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER FINLEY, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Rockland County (Meehan, J.), rendered October 31, 1991, convicting him of murder in the second degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred when it denied an application for a mistrial predicated on the People's alleged failure to divulge *Brady* material prior to the trial *(see, Brady v Maryland,* 373 US 83). However, since the exculpatory value of the evidence was entirely speculative, it did not fall within the rule enunciated in *Brady*. In particular, the defendant did not show that there was a "reasonable possiblity" that any failure to disclose such evidence contributed to the verdict *(see, People v Vilardi,* 76 NY2d 67, 77; *People v Delvecchio,* 187 AD2d 726).

Furthermore, we find that the defendant was not denied effective assistance of counsel because his attorney formerly represented one of the People's chief prosecution witnesses in an unrelated criminal matter. In order to prevail on a claim of ineffective assistance of counsel, the defendant must show that the conflict bears a substantial relation to or operated on the conduct of his defense *(see, People v Ortiz,* 76 NY2d 652, 657; *People v Gonzalez,* 180 AD2d 816). Here, the defendant failed to show that his attorney's former representation of the witness in any way affected the conduct of his cross-examination *(see, People v Seale,* 47 NY2d 923, 925).

The hearing court properly permitted eyewitnesses to the incident to make an in-court identification of the defendant at the trial. The witnesses' prior failure to identify the defendant in a photographic array related to the weight, and not the admissibility, of the testimony *(see, People v Cruz,* 167 AD2d 306).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.