The People of the State of New York, Respondent, v Marcus Cruz, Appellant. [595 NYS2d 54] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered July 11, 1990, convicting him of criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant in this case was convicted of criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree. At trial, a Long Island Rail Road (hereinafter LIRR) officer testified that the defendant was a passenger in a car stopped by him at night for a traffic infraction. The officer testified that, while approaching the vehicle on foot, he saw, with the aid of the spotlights on top of his patrol vehicle, the defendant drop a gun to the floor of the vehicle. The officer further testified that the defendant dropped drugs as he tried to escape.

During trial, the prosecutor reported that she saw two jurors "examining" an LIRR police car parked on the street during a lunch break. The trial court refused defense counsel's requests that the jurors be questioned and/or dismissed or that a mistrial be granted. On appeal, the defendant argues that he was deprived of a fair trial by the trial court's refusal to question the two jurors who the prosecutor saw examining the police car. We disagree. While the better practice for a

trial court presented with evidence of possible extrajudicial investigatory action taken by a juror is to hold a hearing in order to ascertain exactly what transpired, the absence of a hearing did not require reversal under the circumstances of this case *(see, People v Smith,* 59 NY2d 988; *People v Crimmins,* 36 NY2d 230). The trial court was able to dissipate any prejudice to the defendant by giving a prompt curative instruction, followed by a corrective instruction prior to a weekend recess, and a subsequent instruction in its final charge *(see, People v Berg,* 59 NY2d 294; *People v Santiago,* 52 NY2d 865; *People v Richardson,* 175 AD2d 143; *People v Pollard,* 150 AD2d 397). Further, the jurors did not engage in "conscious [or] contrived" conduct like that condemned in *People v Legister* (75 NY2d 832, 833; *see also, People v Smith,* 59 NY2d 988, *supra; People v Brown,* 48 NY2d 388; *People v Mann,* 125 AD2d 711; *People v Cortez,* 172 AD2d 766, *affd* 80 NY2d 855; *People v Suraci,* 137 AD2d 567).

In light of the defendant's prior criminal record, we cannot conclude that the sentence was excessive *(see, People v Alicea,* 99 AD2d 815; *People v Suitte,* 90 AD2d 80). Balletta, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.