■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWON DENNIS, Also Known as DENNIS ANTWON, Appellant. [636 NYS2d 824] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered February 16, 1993, convicting him of murder in the second degree (two counts), assault in the first degree (two counts), robbery in the first degree (four counts), and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On May 25, 1988, the defendant and two accomplices, at the behest of another accomplice, entered a Brooklyn apartment and robbed the apartment's occupants of their money and jewelry. During the course of the robbery, one of the victims

was shot to death, and two others were wounded. At trial, five eyewitnesses, including two of the defendant's accomplices, identified the defendant as one of the robbers, and testified that he fired numerous shots at the victims.

The defendant contends that the People failed to prove his guilt beyond a reasonable doubt because the testimony of the five eyewitnesses was incredible as a matter of law. However, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although the defendant's accomplices testified pursuant to cooperation agreements, and the complaining witnesses were involved in the sale of controlled substances, these facts raised issues of credibility, which the jury resolved in favor of the prosecution. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and will not be disturbed where, as here, it is supported by the record (*see, People v Garofolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see*, CPL 470.15 [5]).

We further find that the sentence imposed was neither harsh nor excessive under the circumstances of this case (*see, People v Suitte*, 90 AD2d 80). Thompson, J. P., Friedmann, Krausman and Florio, JJ., concur.