■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY ALSTON, Appellant. [663 NYS2d 224] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered May 24, 1993, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing consecutive indeterminate terms of imprisonment of 25 years to life and 5 to 15 years, respectively.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant was one of three men who attempted to rob a customer in a restaurant. During the course of the attempted robbery, another customer was shot to death. The defendant's contention that the People failed to prove his identity as one of the perpetrators by legally sufficient evidence is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Jackson,* 211 AD2d 686). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although the prosecution witness who identified the defendant as one of the perpetrators had an unsavory and criminal background and testified pursuant to a cooperation agreement, these facts raised an issue of credibility which the jury resolved in favor of the prosecution (*see, People v Dennis,* 223 AD2d 599; *People v Foster,* 222 AD2d 520; *People v Beard,* 197 AD2d 582). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and will not be disturbed where, as here, it is supported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt

was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, we agree with the defendant that the imposition of consecutive sentences for the felony murder and the underlying attempted robbery was an error. Accordingly, we modify the sentences to run concurrently (*see, People v Smalls,* 185 AD2d 863; *People v Duke,* 181 AD2d 908). We reject the defendant's contention that the sentences are excessive (*see, People v Smalls, supra*).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., O'Brien, Santucci and Altman, JJ., concur.