■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PARKS, Appellant. [684 NYS2d 288] —Appeal by the defen-

dant from a judgment of the Supreme Court, Queens Count (Hanophy, J.), rendered June 19, 1996, convicting him of murder in the second degree, robbery in the first degree (four counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to indeterminate terms of imprisonment of 25 years to life on the conviction of murder in the second degree, 12½ to 25 years on each count of robbery in the first degree, and 7½ to 15 years on the conviction of criminal possession of a weapon in the second degree, to run concurrently, with the exception of the first and third convictions of robbery in the first degree, which were to run consecutively to the other sentences but concurrently with each other.

Ordered that the judgment is modified, on the law, by providing that all of the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

A court has broad discretion in examining potential jurors to assure that an impartial jury is impaneled. In this case, the court properly examined the jury pool during voir dire on the issue of jury nullification (*see, Rosales-Lopez v United States,* 451 US 182, 189; *Ristaino v Ross,* 424 US 589, 594-595; *People v Vargas,* 88 NY2d 363, 377).

There is no merit to the defendant's contention that since an eyewitness could not positively identify him at a pretrial lineup, his in-court identification of the defendant was inadmissible. A witness's failure to identify a defendant at a pretrial lineup goes to the weight of the witness's in-court identification, not to its admissibility (*see, People v Finley,* 190 AD2d 859, 860; *People v Cruz,* 167 AD2d 306).

Inasmuch as the defendant's convictions for robbery in the first degree and murder in the second degree (felony murder) were part of the same act, the Supreme Court erred in imposing consecutive sentences for two of the counts of robbery in the first degree. Accordingly, we modify those sentences to run concurrently (*see, People v Ramirez,* 89 NY2d 444, 452-453; *People v Laureano,* 87 NY2d 640, 644; *People v Alston,* 243 AD2d 573, 574). We reject the defendant's contention that the sentences are excessive (*see, People v Suitte,* 90 AD2d 80, 86-87; *People v Alston, supra*).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Joy, J. P., Krausman, Florio and Luciano, JJ., concur.