■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL HENRY, Appellant. [703 NYS2d 493] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered March 5, 1997, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), robbery in the second degree, and burglary in the first degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 25 years to life imprisonment on the convictions of murder in the second degree, 8⅓ to 25 years imprisonment on the conviction of robbery in the first degree under the third count of the indictment, and 8⅓ to 25 years imprisonment on the conviction of burglary in the first degree, and 8⅓ to 25 years imprisonment for robbery in the first degree under the fourth count of the indictment and 5 to 15 years imprisonment for robbery in the second degree, to run concurrently with each other, and consecutively to the other sentences.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment imposed on the conviction of robbery in the first degree under the fourth count of the indictment and for robbery in the second degree shall run concurrently with the other sentences; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the defendant, we find that no reasonable view of the evidence warranted a jury instruction on the affirmative defense to felony murder (*see,* Penal Law § 125.25 [3]; *People v Watts,* 57 NY2d 299).

As the People concede, the sentences imposed on the convictions of robbery in the first degree under the fourth count of

the indictment and robbery in the second degree under the fifth count of the indictment should run concurrently with the other sentences, as the crimes were "committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]). Accordingly, the judgment is so modified.

The defendant received meaningful representation of counsel (*see, People v Baldi,* 54 NY2d 137).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Mangano, P. J., Altman, Schmidt and Smith, JJ., concur. [See, — AD2d —, June 26, 2000.]