■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL HENRY, Appellant. [712 NYS2d 119] —Motion by the People for reargument of an appeal from a judgment of the County Court, Nassau County (Calabrese, J.), rendered March 5, 1997, which was decided by decision and order of this Court dated January 24, 2000.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated January 24, 2000 (268 AD2d 535), is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered March 5, 1997, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), robbery in the second degree, and burglary in the first degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 25 years to life imprisonment on the convictions of murder in the second degree, 8$\frac{1}{3}$ to 25 years imprisonment on the conviction of robbery in the first degree under the third count of the indictment, and 8$\frac{1}{3}$ to 25 years imprisonment on the conviction of burglary in the first degree, and concurrent indeterminate terms of 8$\frac{1}{3}$ to 25 years imprisonment for robbery in the first degree under the fourth count of the indictment and 5 to 15 years imprisonment for robbery in the second degree under the fifth count of the indictment, to run consecutively to the other sentences.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment imposed on the conviction of robbery in the first degree under the fourth count of the

indictment and on the conviction of robbery in the second degree under the fifth count of the indictment shall run concurrently with the sentences imposed on the conviction of robbery in the first degree under the third count of the indictment and the conviction of murder in the second degree under the first count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the defendant, we find that no reasonable view of the evidence warranted a jury instruction on the affirmative defense to felony murder (*see,* Penal Law § 125.25 [3]; *People v Watts,* 57 NY2d 299).

The sentences imposed on the convictions of robbery in the first degree under the fourth count of the indictment and robbery in the second degree under the fifth count of the indictment must run concurrently with each other and with the sentences imposed on the conviction of robbery in the first degree under the third count of the indictment because those crimes were committed through a single act (*see,* Penal Law § 70.25 [2]). Moreover, since the robbery constituted a material element of the felony murder charge set forth in count one of the indictment, the sentencing court was required to impose concurrent sentences for the convictions on counts one, three, four, and five (*see, People v Alston,* 243 AD2d 573; *People v Nathan,* 224 AD2d 640). Accordingly, the judgment is so modified.

The defendant received meaningful representation of counsel (*see, People v Baldi,* 54 NY2d 137).

The sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Mangano, P. J., Altman, Schmidt and Smith, JJ., concur.