■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY LOWE, Appellant. [852 NYS2d 218]—Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Lasak, J.), rendered February 22, 2006, convicting him of robbery in the first degree (two counts) and robbery in the third degree (two counts), upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court rendered April 10, 2006, which, upon vacating the original sentence imposed on February 22, 2006, imposed a new sentence upon the defendant on the convictions of robbery in the first degree (two counts) and robbery in the third degree (two counts), as a second felony offender.

Ordered that the appeal from the judgment is dismissed, as

the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is modified, on the law, by vacating the convictions of robbery in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the amended judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contentions regarding the court's alleged errors in its jury charge as to his alibi defense are unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the charge, when viewed in its entirety, adequately conveyed to the jury that the prosecution bore the burden of disproving the defendant's alibi defense (*see People v Warren,* 76 NY2d 773 [1990]).

Finally, the defendant correctly contends that robbery in the third degree is a lesser included offense of robbery in the first degree (*see* Penal Law §§ 160.05, 160.15). Therefore, the convictions of robbery in the third degree and the sentences imposed thereon must be vacated, and those counts of the indictment must be dismissed (*see* CPL 300.40 [3] [b]; *People v Sease,* 245 AD2d 396 [1997]). Mastro, J.P., Santucci, Balkin and Dickerson, JJ., concur.