THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIEN CHIN, Appellant. [897 NYS2d 106]—

The defendant's contention that the trial court erred in failing to give proper limiting instructions concerning the jury's use of the testimony regarding his prior bad acts is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Giuca,* 58 AD3d 750, 751 [2009]; *People v Green,* 56 AD3d 490, 490-491 [2008]; *People v Hawker,* 215 AD2d 499, 500 [1995]). In any event, the court gave an appropriate limiting instruction (*see People v Norman,* 40 AD3d 1128 [2007]; *People v Satiro,* 132 AD2d 717, 717-718 [1987], *affd* 72 NY2d 821 [1988]).

Contrary to the defendant's contention, since criminal possession of a weapon in the third degree was not a lesser-included offense of criminal possession of a weapon in the second degree at the time of the defendant's conviction, the trial court did not err in submitting both of these counts to the jury (*see* CPL 300.40 [3] [b]; Penal Law § 265.02 [4]; § 265.03 [2]; *People v Lowe,* 48 AD3d 593, 594 [2008]; *People v Brooks,* 272 AD2d 194, 195 [2000]).

Although the main prosecution witness, who identified the defendant as the person who fatally shot the victim, had an

unsavory and criminal background, and testified pursuant to a cooperation agreement, these facts raised an issue of credibility which the jury resolved in favor of the prosecution (*see People v Dennis,* 223 AD2d 599, 600 [1996]; *People v Foster,* 222 AD2d 520 [1995]; *People v Beard,* 197 AD2d 582, 583 [1993]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The Supreme Court properly denied, without a hearing, the defendant's motion to set aside the verdict pursuant to CPL 330.30, based upon allegations of juror misconduct in ascertaining, outside the courtroom, what a person can view at a distance of 90 feet (*see People v Cruz,* 191 AD2d 509 [1993]; *People v Suraci,* 137 AD2d 567, 568 [1988]). In this regard, the jurors not only made "a casual observation of a common, everyday experience which was readily available to any of the[m] without the benefit of any special expertise," but there was additional evidence presented to connect the defendant with the crimes, including, inter alia, the testimony of several eyewitnesses (*People v Suraci,* 137 AD2d at 568; *see People v Griffin,* 173 AD2d 216 [1991]). Thus, the jurors' alleged conduct here, while material to the issue of identity, did not bear upon the only evidence placing the defendant at the scene of the crimes (*cf. People v Brown,* 48 NY2d 388 [1979]).

The defendant's contention that he was not afforded an opportunity to address the court at the time of his sentencing, in violation of CPL 380.50 (1), is unpreserved for appellate review (*see People v Green,* 54 NY2d 878, 880 [1981]; *People v Chi Fong Chen,* 56 AD3d 488, 488-489 [2008]; *People v Pertillar,* 37 AD3d 740 [2007]). In any event, under the circumstances presented here, in which defense counsel informed the trial court that the defendant would not be making a statement based on the advice of counsel, the court substantially complied with the statutory requirements (*see People v McClain,* 35 NY2d 483, 491-492 [1974], *cert denied sub nom. Taylor v New York,* 423 US 852 [1975]; *People v Lopez,* 250 AD2d 707 [1998]; *People v Colon,* 210 AD2d 247 [1994]).

The sentence imposed was not excessive (*see People v Adams,* 55 AD3d 616, 617 [2008]; *People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Santucci, J.P., Balkin, Eng and Chambers, JJ., concur.