■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SHIELDS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 14, 1979, convicting him of rape in the first degree and sodomy in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. In the early morning hours of May 24, 1977, a man wearing a mask raped the complainant in the second-floor hallway of the Brooklyn apartment building where she lived. The man also forced his victim to perform oral sex upon him. While this was occurring, the complainant's boyfriend and girlfriend became concerned about the complainant's failure to return to her apartment and consequently began a search for her. It was in the course of this search that the two briefly encountered a man as he exited the complainant's building. At trial, the boyfriend and girlfriend each identified the defendant as the individual they had seen coming out of the complainant's building on the night of the rape. In her testimony, the complainant recounted the details of the attack, including the fact that her assailant had spoken to her at various times. She then described a voice showup conducted at the precinct after the defendant had been arrested and stated that she had recognized the voice that she had heard as that of her assailant. At the request of the prosecution, the defendant was made to stand up while the complainant testified that she recognized his body build and skin color. On cross-examination, the complainant stated that her assailant was naked from the waist down during the incident and that she saw his entire genital region. She did not, however, notice any scars or markings on his lower abdominal region. After the People rested, defendant moved to be allowed to exhibit to the jury a 14- to 16-inch abdominal scar resulting from surgery performed on him prior to the date of the rape. The trial court indicated that it would grant the application if the defendant took the stand, appar-

ently to insure that there would be a testimonial foundation concerning whether the scar had been in existence on the night of the incident. The trial was immediately recessed for a *Sandoval* hearing *(People v Sandoval,* 34 NY2d 371), at which the court ruled that the prosecutor would be permitted to question the defendant about most of his numerous prior convictions. The defendant then offered to present a competent witness (his sister) and to introduce hospital records to prove that he had been scarred well before the date in question. The court, however, adhered to its prior ruling. Subsequently, defendant took the stand, exhibited his scar to the jury, and testified, *inter alia,* that he had it prior to the night of the crime. He was then impeached with his prior convictions. The trial court abused its discretion in refusing to allow the defendant to prove the relevance of his real evidence in the manner proffered by defense counsel. Real evidence comprehends the exhibition of corporal injuries to the jury *(Mulhado v Brooklyn City R.R. Co.,* 30 NY 370). Relevancy, of course, must be established *(People v Flanigan,* 174 NY 356, 368; *King v New York Cent. & Hudson Riv. R.R. Co.,* 72 NY 607), and, in the instant matter, the trial court was clearly justified in requiring proof that the defendant had been scarred on or before the date of the crime (see 4 Wigmore, Evidence [Chadbourn rev], § 1154, subd [6]). But the court was apparently confused by the defendant's initial failure to offer proper proof of relevance and consequently improperly adhered to its ruling when an entirely sufficient offer was made. The court thus unnecessarily required the defendant to take the stand in order to present the jury with the best evidence of his scar in support of his defense of mistaken identity. The subsequent impeachment with proof of previous convictions was an inevitable sequel. Such impeachment runs the serious risk of unfair prejudice to the defendant since the jury may well infer that the defendant is of a criminal disposition (see *People v Sandoval,* 34 NY2d 371, 375, *supra).* Therefore, the trial court should have allowed the defendant to present his proof of relevance in order to give him every chance to avoid taking the stand under threat of devastating impeachment. We also question the fairness of allowing the District Attorney to present the defendant as real evidence (by requiring him to stand for the complainant's identification) while forbidding the defendant to do so despite a timely and sufficient tender of proof of relevance. As the proof of defendant's guilt was not overwhelming, we cannot say that the error was harmless (see *People v Crimmins,* 36 NY2d 230, 238-242). Therefore, a new trial is required. We find defendant's other contentions to be without merit. Lazer, J.P., Mangano, Gibbons and Gulotta, JJ., concur.