■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EDGERTON, Appellant.—Judgment unanimously reversed, on the law, and defendant remanded to Supreme Court, Monroe County, for a hearing and a new trial, in accordance with the following memorandum: Defendant appeals from his September 5, 1979 conviction following a jury trial of six counts of second degree arson in connection with six separate fires set in various apartment buildings during the fall of 1978 in Monroe County. In our view, Trial Term erred in denying defendant a hearing on his motion to set aside the verdict under CPL 330.30 (2) based on alleged improper conduct by a juror. A supporting affidavit by an investigator in the public defender's office stated that after the verdict an identified trial juror who was an acquaintance of the affiant advised that another identified trial juror stated

aloud during jury deliberations that "there was something she knew that evidently the others did not know", that the juror then "whispered" to some of the other jurors who expressed an interest in hearing what she knew and that once the verdict was reached and before it was reported to the court, this juror stated aloud: "Now I can tell you about the information that I had. This man has set a number of fires in Ontario and Canandaigua. They have got him on something like three or six counts."

The District Attorney did not dispute any of the alleged facts and instead challenged the sufficiency of defendant's moving papers. The trial court denied the motion without a hearing. Although generally a verdict may not be impeached by delving into the deliberations of the jury, whenever, through the introduction of significant extrarecord facts, a juror becomes an unsworn witness testifying to critical information without defendant being afforded his right of confrontation or cross-examination guaranteed by the 6th Amendment, the constitutional rights take precedence over New York's policy against impeachment of jury verdicts *(see, People v Brown,* 48 NY2d 388, 393; *People v De Lucia,* 20 NY2d 275, 279; *People v Huntley,* 87 AD2d 488, *affd on other grounds* 59 NY2d 868). The circumstance that extrarecord facts come from a juror rather than from a stranger to the jury is immaterial. "[I]t is the 'nature of the matter and its probable effect on a hypothetical average jury,' not the source of information or the locus of its communication, which determines whether the defendant has been prejudiced" *(United States ex rel. Owen v McMann,* 435 F2d 813, 820, *cert denied* 402 US 906). The Second Circuit affirmed the grant of habeas corpus relief in *Owen* on the ground that defendant was denied a fair trial because, during the course of deliberations, three jurors informed other jurors that they knew about the defendant and referred to unfavorable events in his life which were unrelated to the charge, including allegations concerning two specific incidents which had not been and probably could not have been received in evidence, and which the defendant had no opportunity to refute.

Here the moving papers allege sufficient facts constituting a legal basis for the motion to set aside the verdict, and the trial court had an obligation to conduct a hearing pursuant to CPL 330.40 (2) (f). " '[E]xtra-record information that comes to the attention of a juror is "presumptively prejudicial" ' " and may be overcome only "by an affirmative showing by the People that the information was harmless" *(United States v*

*Weiss,* 752 F2d 777, 782-783). "The trial court should assess the 'possibility of prejudice' by reviewing the entire record, analyzing the substance of the extrinsic evidence, and comparing it to the information of which the jurors were properly aware." *(Supra,* p 783.) Since it would serve no purpose at this time to hold a hearing, some six years after the verdict, the convictions must be vacated and a new trial ordered *(People v Ciaccio,* 47 NY2d 431, 438).

Defendant also contends that on the night of his arrest the police unnecessarily delayed his arraignment in order to continue interrogating him and that, as a result, he was denied the right to counsel. It appears that at about 7:30 P.M. on January 15, 1979, defendant's typed statement, which incorporated his previous oral admissions, was signed and notarized. Between 8:00 P.M. and 9:00 P.M. defendant was driven to the scene of one of the fires and was photographed reenacting the starting of a fire. After his return to the Sheriff's office he answered questions in a tape-recorded interrogation which lasted until about 10:45 P.M. He was arraigned at 1:00 A.M. on January 16, 1979 in the Perinton Town Court. The *Huntley* hearing record is silent regarding defendant's formal arrest, booking and arraignment. At trial the prosecutor introduced the testimony of various police interrogators as to defendant's oral admissions and relied on his signed and taped statements and the photographs showing defendant at the scene of one of the fires. We have previously held that if the police have caused an unnecessary delay in filing the accusatory instrument or in arraignment for the purpose of depriving defendant of his right to counsel "his critical stage right to counsel will be deemed to have arisen" *(People v Cooper,* 101 AD2d 1, 10). It is not clear from this record that defendant's arraignment was unnecessarily delayed or that the alleged delay was "designed to afford an opportunity for prearraignment interrogation or was otherwise calculated to deprive defendant of his right to counsel" *(People v Wilson,* 56 NY2d 692, 694). The suppression hearing records suggest that although there was probable cause to arrest and arraign defendant at 7:30 P.M., no attempt was made to formalize the arrest or to begin the booking process until much later in the evening. The apparent delay in processing the defendant is a suspect circumstance which should be explored in an evidentiary hearing. Before a new trial, a hearing should be held on the issue of whether statements made by defendant between 7:30 P.M. and arraignment should be suppressed as made after undue delay in the arraignment process designed to deprive

260

defendant of his right to counsel so that the police could obtain an uncounseled confession *(People v Lindo,* 85 AD2d 643, 645).

Since the error may recur upon a retrial, we hold that references at the trial to a "Holiday Inn" fire were prejudicial and should have been excluded. We have examined the other errors which defendant has assigned as grounds for reversal and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—arson, second degree.) Present—Dillon, P. J., Doerr, O'Donnell, Pine and Schnepp, JJ.