OPINION OF THE COURT
Martin Schneier, J.
Should the defendant during trial be permitted to read to the jury a paragraph selected at random from a newspaper to demonstrate his heavy accent without subjecting himself to cross-examination? This issue is apparently one of first impression in this State.
The defendant is charged, inter alia, with attempted murder in the second degree and robbery in the first degree, which occurred in the evening of December 3, 1984.
During the People’s case, defense counsel cross-examined the complainant, Caryl Pilgrim, at length as to the various statements made to her by the perpetrator. He also elicited from her that the perpetrator did not have an accent. In the defendant’s case, defense counsel requested that the defendant be permitted to read to the jury a paragraph selected at random from a newspaper to demonstrate that the defendant has a very thick accent, without being subjected to cross-examination. In addition, counsel represented to the court *774 that after the demonstrative reading, he would call witnesses who would testify that defendant entered this country from Jamaica in 1981 and has always spoken with a thick accent.
Demonstrative evidence is evidence from which Judges and juries can themselves form perceptions through the direct use of their own senses. Tests and demonstrations in the courtroom should not be rejected when they play a positive and helpful role in the ascertainment of the truth. However, the court must be alert to the danger that, when ill designed or not properly relevant to the point at issue, instead of being helpful, they may serve to mislead, confuse, divert or otherwise prejudice the purposes of the trial. When there is such a threat, the trial court itself must decide in the exercise of its sound discretion, based on the nature of the proffered proof and the context in which it is offered, whether the value of the evidence outweighs its potential for prejudice (see, People v Acevedo, 40 NY2d 701, 704-705 [1976], and the cases cited therein).
Where a proper foundation has been laid, a court may permit a defendant to display to the jury his 14- to 16-inch abdominal scar (see, People v Shields, 81 AD2d 870, 870-871 [2d Dept 1981]) or his tatooed hands (see, People v Rodriguez, 64 NY2d 738, 741 [1984]), without being subject to cross-examination.
The court must also consider whether the danger of fabrication, a possibility in any voice demonstration, outweighs the probative value the demonstration may possess (see, Richardson, Evidence § 358 [Prince 10th ed]).
In the case at bar, defense counsel has laid a proper foundation to show the presence of the accent on the date of the crime and the reliability of the voice demonstration. Counsel has produced defendant’s mother, sister and another relative, who have known defendant all of his life, and who can testify and be cross-examined regarding the defendant’s thick accent on the date of the crime and that the defendant’s voice demonstration was a true and accurate representation of how the defendant always speaks.
The issue of defendant’s accent is highly probative of the reliability of complainant’s recollection of the perpetrator, particularly since this is a one-witness identification case. Prejudice to the People is minimized since the prosecution may fully cross-examine defendant’s witnesses regarding the accent.
*775 Accordingly, defendant’s request to read to the jury a paragraph from a newspaper to demonstrate his accent was granted.