■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENO ANDREW, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted of criminally negligent homicide for firing a shotgun which caused the death of an acquaintance. In a statement to the police, defendant contended that the shotgun accidentally discharged and that he did not know the gun was loaded. Much of the trial testimony related to the operation of the gun. The People's firearm expert testified that the trigger required a normal four pounds of pressure to fire the weapon. For safety purposes, the court directed that, throughout the trial, a guard be placed on the trigger.

After about 4½ hours of jury deliberation defense counsel learned that the weapon had been taken to the jury room, that the trigger guard had been removed and that all but one of the jurors had test-fired the gun while it was held by a Deputy Sheriff. Defense counsel immediately moved for a mistrial. The court held a hearing at which it was also established that another Deputy Sheriff communicated with the jurors with respect to the use of the shotgun and the trigger pull. The mistrial motion was denied.

The court erred in denying defendant's motion. We note that the court did not follow the proper statutory procedure in responding to the jurors' request for the weapon in evidence (see, CPL 310.20 [1]; 310.30). Since the court did not notify defense counsel of the request, defendant was deprived of his right to be present at a critical stage of the trial (see, CPL 260.20; People v Ciaccio, 47 NY2d 431, 436; People v Mullen, 44 NY2d 1, 4).

The experiment conducted by the jurors may not properly be classified as an application of everyday experience. This is demonstrated by the fact that the jurors felt compelled to conduct the exercise at all (see, People v Brown, 48 NY2d 388, 394) and the fact that the People presented an expert witness to testify at length about the operation of the weapon. Moreover, the test was directly material to the central issue in the trial and created a substantial risk of prejudice to the rights of the defendant. During the trial defense counsel had been unable to demonstrate the firing of the weapon to the jury because the court had ordered that the trigger guard be put on the weapon. On this record there is no assurance that each juror's test firing of the gun was substantially similar to the conditions encountered when defendant handled it. For example, it cannot be determined whether the weapon was cocked when each juror pulled the trigger; if so, whether the juror or

deputy cocked it; or whether the amount of pressure required to activate the trigger had changed in the 4½ years between the incident and the trial. Under these circumstances the jurors became unsworn witnesses to critical information without defendant being afforded his constitutional right to counsel and confrontation. The error cannot be deemed harmless and requires reversal *(see, People v Brown, supra,* at 393-395; *People v De Lucia,* 20 NY2d 275, 278-279; *People v Edgerton,* 115 AD2d 257, 258, *lv denied* 67 NY2d 882; *see also, Parker v Gladden,* 385 US 363). Communications between the Deputies and the jurors beyond those authorized by the court are an additional ground for reversal *(see,* CPL 310.10; *People v Ciaccio, supra,* at 436-437; *People v Cadby,* 75 AD2d 713, 714). (Appeal from judgment of Erie County Court, Kepner, J.—criminally negligent homicide.) Present—Boomer, J. P., Green, Pine, Balio and Lawton, JJ.