OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
At the trial of this case, a primary issue was the extent to which the victim was able to see the face of her attacker in the darkened bedroom where the crime occurred. After two days of deliberations, the jurors had not yet reached a verdict. *833 During the overnight sequestration one juror adjusted the lighting conditions and opened the curtains in her hotel room to simulate what she believed to be the conditions of the crime scene, based on the victim’s testimony. She then asked another juror to walk in and out of the room, wearing clothing similar in color to that worn by the attacker, so that she could determine whether the victim would have been able to make a reliable identification. When deliberations resumed the next morning, the juror discussed the test with some of her associates. The jury soon returned a guilty verdict.
As in People v Brown (48 NY2d 388, 394), the juror’s conduct was conscious, contrived experimentation, directly material to a critical point at issue in the trial. In addition, the risk of prejudice to defendant is apparent. The victim’s identification of the defendant was crucial to the prosecution’s case and the juror’s experiment bolstered the identification with nonrecord evidence not subject to challenge by the defendant.
Moreover, there are in this case sufficient guarantees that the juror’s report of her conduct was genuine and not the product of posttrial harassment or intimidation. She discussed the experiment with some of her fellow jurors just before the final vote and she recounted the story almost immediately after the verdict in a conversation that included both defense counsel and the prosecutor.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Alexander taking no part.
Order reversed, etc.