■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON CORTEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered June 21, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial by virtue of an experiment conducted by a member of the jury during the course of its deliberations. After the conclusion of the trial, the prosecutor and trial counsel met with the jurors and discussed the verdict. It was disclosed that one of the jurors, in determining whether the defendant could have folded a knife while being pursued by the complainant and his brother, had folded a paper towel or a piece of cardboard to simulate a knife. Based on the standards set forth in *People v Brown* (48 NY2d 388) and *People v Legister* (75 NY2d 832), we conclude that the juror's actions did not deny the defendant a fair trial. The complainant testified that the defendant placed a knife to his throat, snatched his chain, and ran away. One of the complainant's companions, who had pursued the defendant, testified that he cut his finger on the defendant's knife while restraining the defendant. The police officer who effected the arrest testified that she ordered the defendant to drop the knife. Therefore, the issue of whether the defendant possessed or folded a knife during the pursuit was neither "a critical point at issue in the trial" nor prejudicial to the defendant *(see, People v Legister, supra,* at 833). Further, we note that under these circumstances, the juror was merely using common everyday experience to clarify a non-critical point in the case *(see, People v Legister, supra).*

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.