◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MAGNANO, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from his conviction of criminal sale of a controlled substance in the second and third degrees and criminal possession of a controlled substance in the third and fourth degrees. Among several issues raised is the contention that reversal is required because the verdict was tainted by improper juror discussions concerning defendant's bad reputation and prior criminal conviction. We agree.

Although, as a general rule, a verdict may not be impeached by delving into the deliberations of a jury, an exception to that rule occurs in cases in which the jury's verdict is alleged to be the product of improper outside influence *(People v De Lucia,* 20 NY2d 275, 278-279; *see, People v Brown,* 48 NY2d 388; *People v Huntley,* 87 AD2d 488, *affd on other grounds* 59 NY2d 868). Such improper influence includes a juror's communication to fellow jurors of extrarecord facts concerning a defendant's criminal record or prior bad acts *(People v Edger-*

*ton,* 115 AD2d 257, 258, *lv denied* 67 NY2d 882). In such cases the juror becomes "an unsworn witness testifying to critical information without defendant being afforded his right of confrontation or cross-examination guaranteed by the 6th Amendment" *(People v Edgerton, supra,* at 258, citing *People v Brown, supra; People v De Lucia, supra; People v Huntley, supra).* In those circumstances, the violations of defendant's rights must take precedence over the policy against impeachment of jury verdicts *(see, People v Edgerton, supra).*

In this case, two jurors testified at the CPL article 330 hearing that, during jury deliberations, a juror initiated a discussion of defendant's bad reputation in the community and his prior conviction for selling untaxed cigarettes. Not only was there a "substantial risk" of prejudice to defendant as a result of introduction of those extrajudicial facts *(see, People v Brown, supra,* at 394; *see also, People v Huntley, supra,* at 492), but the lone holdout juror testified unequivocally that the extrarecord information affected her verdict. The cases teach that " '[i]t is the "nature of the matter and its probable effect on a hypothetical average jury" * * * which determines whether the defendant has been prejudiced' " *(People v Edgerton, supra,* at 258, quoting *United States ex rel. Owen v McMann,* 453 F2d 813, 820, *cert denied* 402 US 906). Clearly, the introduction of extraneous facts concerning defendant's bad reputation and criminal acts was prejudicial to defendant, and he must be afforded a new trial.

We have considered the other issues raised by defendant and find them lacking in merit. (Appeal from Judgment of Cattaraugus County Court, Dadd, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Dillon, P. J., Callahan, Denman, Green and Lowery, JJ.