■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LAFFERTY, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted following a jury trial of murder in the second degree and conspiracy in the second degree. The murder took place in 1980, and in 1981 defendant entered a plea of guilty to the charges and was sentenced to serve 18 years to life. Defendant was serving his sentence when, in June 1988, his guilty plea was vacated by Federal District Court. Defendant proceeded to trial in December 1988.

The trial court erred by denying summarily defendant's motion, brought pursuant to CPL 330.30, to set aside the verdict based upon juror misconduct. In support of the motion, defendant provided the affidavit of a juror who averred that, while the jury was waiting to hear closing arguments, juror No. 1 stated that defendant had been in jail for the last 8-½ years and that he was guilty because she read it in the newspaper. The juror further averred that although those matters were not discussed during deliberations, it was "ap-

parent" to her that at least four other jurors knew that defendant had been incarcerated since 1981. That affidavit was sufficient to require a hearing on the issue of whether the jury had been improperly influenced by a juror's communication to fellow jurors of extra-record facts concerning defendant's criminal record *(see, People v Magnano,* 175 AD2d 639; *People v Edgerton,* 115 AD2d 257, *lv denied* 67 NY2d 882). However, because almost three years have passed since the verdict, it would be futile to order a hearing and a new trial must be granted *(see, People v Ciaccio,* 47 NY2d 431, 438; *People v Edgerton, supra).*

As there must be a retrial, we will address three other issues raised by defendant. The trial court erred in concluding that, if he elected to testify, defendant could be impeached with the contents of a statement he gave to prosecutors in connection with his plea bargain. The court promised at the plea hearing that defendant's statement would not be used against him in future matters. That promise was broad enough to include use of the statement for impeachment purposes. Moreover, unlike in *People v Evans* (58 NY2d 14), cited by the People, defendant's conviction based on his plea was vacated because the plea itself was found to be invalid. Therefore, it would be fundamentally unfair to allow the People the benefit of a bargain ultimately found to have been made in violation of defendant's rights.

The court also erred by refusing to submit the issue of whether William Coye, William Rettberg, and Joseph Ferrara were defendant's accomplices to the jury as a question of fact. From the evidence, it could be reasonably concluded that those witnesses knew of the murder conspiracy and participated in the planning. Where conflicting inferences can be drawn from the testimony, the issue whether a witness is an accomplice should be submitted to the jury *(see, People v Jones,* 73 NY2d 902, *rearg denied* 74 NY2d 651; *People v Vataj,* 69 NY2d 985).

We find no merit to defendant's argument that assault in the second degree should have been charged as a lesser included offense of murder in the second degree. In light of our reversal, it is unnecessary to reach the remaining issues raised by defendant. (Appeal from Judgment of Chautauqua County Court, Adams, J.—Murder, 2nd Degree.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.