■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES RAY THOMAS, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant contends that he was denied a fair trial because the jury foreman did independent research concerning the effects of cocaine use and alcohol consumption and informed other jurors of the fruits of his research. We agree.

Defendant was convicted of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]), one count each of burglary in the first degree (Penal Law § 140.30 [3]), attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]) and attempted sodomy in the first degree (Penal Law §§ 110.00, 130.50 [1]), and two counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). At trial, defendant maintained, among other things, that he had been unable to form the requisite intent because of cocaine use and alcohol consumption *(see,* Penal Law § 15.25). Whether such use and consumption could affect his ability to form the requisite intent was hotly disputed, with conflicting expert testimony offered by the People and defendant.

During the jury's deliberations, one of the jurors advised the court that another juror had done independent research on that critical issue. The trial court instructed the jury to consider only the trial evidence. After the jury had returned its verdict, the trial court individually questioned each juror. The jury foreman then revealed that he had gone to the library and that he had learned that, in some situations, the effect of cocaine use may negate the effect of alcohol consumption. Each of the jurors reported that the information shared by the jury foreman had not affected jury deliberations.

"Although, as a general rule, a verdict may not be impeached by delving into the deliberations of a jury, an exception to that rule occurs in cases in which the jury's verdict is alleged to be the product of improper outside influence *(People v De Lucia,* 20 NY2d 275, 278-279; *see, People v Brown,* 48 NY2d 388; *People v Huntley,* 87 AD2d 488, *affd on other grounds* 59 NY2d 868)" *(People v Magnano,* 175 AD2d 639, *lv denied* 79 NY2d 860). This case falls within that exception. By injecting extra-record information on a material issue into the jury deliberations, the jury foreman became an unsworn witness whom defendant was denied the opportunity to cross-examine *(see, People v Legister,* 75 NY2d 832; *People v Brown, supra; People v Andrew,* 156 AD2d 978; *see also, People v Magnano, supra).* Defendant was prejudiced by the jury foreman's actions because the extra-record information bolstered the proof offered by the People. Therefore, defendant's conviction must be reversed *(see, People v Brown, supra; People v Magnano, supra; People v Andrew, supra; see also, People v Legister, supra).*

We need not address the other contentions raised by defendant. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.