■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOTT KEARSE, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Upon our review of the record, we conclude that defendant's right to a public trial (US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4) was abridged when the trial court, without further inquiry, acceded to the prosecutor's request that the court be closed to the public during the testimony of an undercover police officer *(see, People v Jones,* 47 NY2d 409, *cert denied* 444 US 946). Although the right to a public trial is neither inflexible nor absolute, the discretion to limit the public nature of judicial proceedings is to be "sparingly exercised" *(People v Hinton,* 31 NY2d 71, 76, *cert denied* 410 US 911). There should be no closure unless preceded by an inquiry careful enough to assure the court that defendant's right to a public trial is not sacrificed for less than compelling reasons *(People v Jones, supra,* at 414-415). Following such an inquiry, the court's reasons for ordering closure must be sufficiently articulated to permit appellate review *(Waller v Georgia,* 467 US 39, 45; *People v Clemons,* 78 NY2d 48, 52; *People v Kin Kan,* 78 NY2d 54, 58, *rearg denied* 78 NY2d 1008; *People v Cordero,* 150 AD2d 258, 259, *affd* 75 NY2d 757; *People v Williams,* 178 AD2d 958, *lv denied* 79 NY2d 954). Where, as here, the trial court failed to inquire fully into the prosecutor's request that the courtroom be closed to the public and

failed to articulate any basis for its ruling on the record, reversal and a new trial are required irrespective of prejudice *(People v Kin Kan, supra,* at 59; *People v Jones, supra,* at 415-417). (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Pine, Boehm, Fallon and Davis, JJ.