■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED DASHNAU, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant contends that the trial court should have set aside the jury's verdict because one of the jurors looked for defense counsel's name in the telephone book and concluded that, because counsel was a private attorney, counsel was being paid by defendant and defendant, therefore, must have sold drugs to be able to afford a private attorney. The juror imparted that conclusion to the other jurors. We agree that the court should have set aside the verdict.

Defendant was convicted of two counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). At trial, defendant asserted a defense of duress and testified that all the profits from the drug sales went to his supplier, who had coerced him into selling the drugs. In light of that defense, the question whether defendant profited from the drug sales became a critical issue, and defendant was prejudiced by the extra-record information brought to the jury about the status of defense counsel. At a posttrial hearing one juror admitted that the information influenced him to change his vote from not guilty to guilty.

Although a jury's verdict may generally not be impeached

by inquiring into its deliberations, there is an exception to that rule when the jury's verdict is alleged to be the result of improper outside influence *(People v Brown,* 48 NY2d 388, 393; *People v De Lucia,* 20 NY2d 275, 278-279; *People v Thomas,* 184 AD2d 1069; *People v Magnano,* 175 AD2d 639, *lv denied* 79 NY2d 860). This case falls within that exception. By interjecting information on a material issue into jury deliberations, the juror became an unsworn witness whom defendant was denied the opportunity to cross-examine *(see, People v Legister,* 75 NY2d 832; *People v Brown, supra; People v Andrew,* 156 AD2d 978, 979; *see also, People v Magnano, supra,* at 640; *People v Thomas, supra).* Defendant's conviction must, therefore, be reversed *(see, People v Brown, supra,* at 395; *People v Thomas, supra; People v Magnano, supra).*

We also agree with defendant's contention that the trial court erred in closing the courtroom during the testimony of the undercover police officer without conducting an inquiry to determine the necessity for such action *(see, People v Jones,* 47 NY2d 409, *cert denied* 444 US 946; *People v Kearse,* 186 AD2d 978; *People v Cordero,* 150 AD2d 258, *affd* 75 NY2d 757).

We have examined defendant's other contentions and find them to be without merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Balio, Boehm and Davis, JJ.