■ The People of the State of New York, Respondent, v Timothy Hoskins, Appellant. [604 NYS2d 364] —Judgment unanimously affirmed. Memorandum: The court properly denied defendant's motion pursuant to CPL 330.30 (2) to set aside the verdict based on juror misconduct without conducting a hearing. The jury was properly charged that possible punishment must not affect its deliberations. Despite that charge, eight jurors averred that they agreed to compromise and find defendant guilty of robbery and not guilty of burglary because of their belief that robbery was a less serious crime involving a lighter sentence. As a general rule, a juror may not impeach his or her own verdict unless it is alleged to be the product of an improper outside influence *(People v De Lucia,* 20 NY2d 275, 278-279). When a juror introduces "significant extrarecord facts" into deliberations, and he thereby becomes "an unsworn witness testifying to critical information without defendant being afforded his right of confrontation or cross-

examination guaranteed by the 6th Amendment, the constitutional rights take precedence over New York's policy against impeachment of jury verdicts" *(People v Edgerton,* 115 AD2d 257, 258, *lv denied* 67 NY2d 882). Because the information outside the record allegedly considered by the jury concerned punishment, which was not a "material issue" *(People v Brown,* 48 NY2d 388, 394; *see also, People v Legister,* 75 NY2d 832), the juror who imparted the information was not an "unsworn witness whom defendant was denied the opportunity to cross-examine" *(People v Dashnau,* 187 AD2d 966, 967, *lv denied* 81 NY2d 838; *see, People v Magnano,* 175 AD2d 639, *lv denied* 79 NY2d 860; *People v Edgerton, supra,* at 258).

Defendant's argument that his conviction of robbery is against the weight of the evidence is essentially an argument that the verdict was repugnant. It is not preserved for our review *(see, People v Alfaro,* 66 NY2d 985, 987) and in any event lacks merit. We find defendant's sentence neither harsh nor excessive. (Appeal from Judgment of Supreme Court, Erie County, Doyle, Jr., J.—Robbery, 1st Degree.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.