■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JOHNSON, Appellant. [614 NYS2d 120] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered July 24, 1992, convicting defendant, after a jury trial, of attempted robbery in the first degree and sentencing him, as a second felony offender, to a prison term of 6 to 12 years, unanimously affirmed.

Defendant's presentence motion attacking the verdict on the ground of jury misconduct was properly denied since the trial court was without authority to consider defendant's oral motion (CPL 330.30 [2]; 330.40 [2] [a]). In addition, since defendant failed to submit written affidavits from any of the jurors and did not request an evidentiary hearing, he failed to develop an adequate record for appellate review (see, People v Olivo, 52 NY2d 309, 320). In any case, were we to review defendant's claims, we would find that the alleged instances of juror misconduct did not constitute grounds for reversal of defendant's conviction (compare, People v Cortez, 172 AD2d 766, affd 80 NY2d 855, with People v Brown, 48 NY2d 388).

Defendant's argument that the prosecutor's summation deprived him of a fair trial since the prosecutor falsified the evidence, vouched for the credibility of the complainants, acted as an unsworn witness, and appealed to the jurors' emotions and sympathies is largely unpreserved and we decline to review in the interest of justice (CPL 470.05 [2]). In any event, the prosecutor's summation comments constituted appropriate response to the defense summation (People v Marks, 6 NY2d 67, cert denied 362 US 912), and fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument (People v Galloway, 54 NY2d 396).

Defendant received an appropriate sentence since the sentencing court clearly indicated that it had taken into account mitigating factors in sentencing defendant to less than the maximum sentence. Concur—Carro, J. P., Wallach, Ross, Rubin and Tom, JJ.