■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY HARPTON, Appellant. [620 NYS2d 485] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered May 12, 1992, convicting him of robbery in the first degree, robbery in the second degree, assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted on the strength of the testimony of the complainant who observed the defendant at close range, for approximately three minutes during the robbery. The complainant later spotted the defendant on the street near the scene of the crime and he alerted police who promptly arrested the defendant.

There is no merit to the defendant's contention that he was prejudiced as a result of the prosecutor's comments during summation when he suggested that the jurors could stare at one another for three minutes while they deliberated. To the extent that the defendant now suggests that the jurors might have accepted the prosecutor's alleged invitation, the issue is unpreserved for appellate review and rests upon matters dehors the record. Moreover, since the defendant admits that he cannot demonstrate that the jurors did engage in an improper experiment in the jury room, he may not impeach the verdict *(cf., People v Legister,* 75 NY2d 832; *People v Brown,* 48 NY2d 388; *People v Thomas,* 184 AD2d 1069). To the extent that the defendant suggests that the prosecutor's remarks implied that the identification testimony was reliable based upon the length of the complainant's observation, we find that such remarks constituted fair response to the defense counsel's summation *(see, People v Griffin,* 173 AD2d 216). Sullivan, J. P., Thompson, Copertino and Pizzuto, JJ., concur.