(September 9, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO ANTONIO PINO, Appellant. [695 NYS2d 548] —Judgment,

Supreme Court, New York County (Daniel FitzGerald, J.), rendered November 21, 1995, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant was found guilty of murdering his fiancée by violently slashing her throat as she lay on a bed. Significantly, defendant did not deny attacking the victim in this fashion; instead, his defense centered on his emotional state. The disputed issue in the case, therefore, was whether he had acted under the influence of an extreme emotional disturbance that was reasonable under the circumstances (*see, People v Casassa,* 49 NY2d 668, *cert denied* 449 US 842).

Following the verdict, defense counsel moved to set it aside on the grounds that two of the sequestered jurors had engaged in an improper reenactment of the crime and then discussed it with other jurors during deliberations. Specifically, one of the jurors had been perplexed by how the feathers from the pillow on which the victim was lying had been strewn about the room. It occurred to him that when she laid her head on the pillow, the sides of the pillow probably rose up around her head and were cut by the knife when she was killed. During their discussion of this theory, the juror was lying on his pillow in the hotel room while his roommate and fellow juror made a slashing motion with his arm in proximity to the reclining juror.

Conduct which puts the jury in possession of evidence not introduced at trial may violate a defendant's rights of confrontation and cross-examination of witnesses (*People v Brown,* 48 NY2d 388, 393). However, the Court of Appeals declined to apply a *per se* reversal rule to prohibited reenactments. Instead, the court must inquire whether the conduct in question was a conscious, contrived experiment rather than an application of everyday experience; whether it was directly material to a point at issue in the trial; and whether it created a risk of prejudice to the defendant by coloring the other jurors' views (*People v Brown, supra,* at 394).

Even if this interaction between the jurors rises to the level of a conscious experiment, reversal is not warranted because it merely served to "clarify a non-critical point in the case" (*People v Cortez,* 172 AD2d 766, *affd* 80 NY2d 855). Since the only contested issue at trial was defendant's mental state, the subject matter of the challenged interaction did not relate to that issue and could not have prejudiced defendant. Concur— Ellerin, P. J., Rosenberger, Buckley and Friedman, JJ.