■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD BLUNT, Appellant. [709 NYS2d 560] —Judgment, Supreme Court, New York County (Rena Uviller, J., at hearing; Charles Tejada, J., at mistrial; William Leibovitz, J., at jury trial and sentence), rendered March 18, 1998, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly declared a mistrial over defendant's objection because his outbursts in the presence of the jury created a manifest necessity for a mistrial (*see, Matter of Enright v Siedlecki*, 59 NY2d 195; *People v McElveen*, 234 AD2d 228, 231-232, *lv denied* 89 NY2d 1097). Defendant's outrageous behavior caused substantial and irreparable prejudice to the People's case, in that defendant repeatedly made inadmissible and highly prejudicial factual assertions. These orations were too extensive and damaging to be dealt with through curative instructions and jury inquiries. We note that the court initially attempted to avoid prejudice by striking defendant's remarks and giving curative instructions, but defendant thereupon repeated the same remarks and added others that were even more prejudicial.

Defendant's suppression motion was properly denied. His statement when asked by the arresting officer to display his hands was a spontaneous, voluntary statement and was not the product of custodial interrogation. The officer's statement was a direction and was not designed to elicit an incriminating response (*see, People v Huffman*, 41 NY2d 29).

The People established a suitable chain of custody for the drugs (*see, People v Julian*, 41 NY2d 340).

The court properly instructed the jury not to perform a contrived experiment, seeking to re-create outdoor lighting conditions in the jury room, which was recommended by defense counsel in his summation (*see, People v Legister*, 75 NY2d 832).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Williams, J. P., Tom, Lerner, Andrias and Friedman, JJ.