■ The People of the State of New York, Respondent, v Leroy Mathison, Appellant. [732 NYS2d 2] —Judgment, Supreme Court, New York County (Rena Uviller, J., on motion; William Wetzel, J., at jury trial and sentence), rendered September 24, 1999, convicting defendant of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

This appeal was held in abeyance pending a *Mapp/Dunaway* hearing (282 AD2d 283) on defendant's motion to suppress evidence, following which Supreme Court held that there was probable cause for his arrest. We agree.

Probable cause may be demonstrated on the basis of reliable hearsay (*see, People v Ketcham*, 93 NY2d 416, 420-421; *People v Parris*, 83 NY2d 342, 346). Sergeant Gorman, the arresting officer, was entitled to rely on the information supplied by a fellow officer watching defendant (*People v Ramirez-Portoreal*, 88 NY2d 99, 113; *People v Maldonado*, 86 NY2d 631, 635), who appeared to be engaged in a drug transaction. That information, together with the recovery from the purchaser of three bags containing crack cocaine, constitutes sufficient evidence from which the hearing court could infer that the sergeant, acting upon information supplied by a fellow officer, entertained a reasonable belief that defendant had committed a crime (*see, People v Ketcham, supra*, at 419; *People v Petralia*, 62 NY2d 47, 51-52, *cert denied* 469 US 852). We note that defendant's testimony corroborated that given by the arresting officer with respect to defendant's attire and his encounter with the purchaser.

The photographs replicating the magnification provided by

binoculars used by the observing officer were relevant and admissible "to demonstrate to the jury the power of the binoculars and how close they made objects appear" (*People v Johnson*, 256 AD2d 89, 90, *lv denied* 93 NY2d 972). The People acknowledged, on summation, that the jurors would have to take into account the effects of darkness in assessing the photographs, defendant did not request any limiting instruction, and the difference in lighting conditions goes only to the weight the jury might attach to the evidence, not its admissibility.

Finally, the court properly instructed the jurors not to test the binoculars in an attempt to recreate what the observing officer might have been able to see. The difference in elevation above the street and in illumination means that any such test "would have been carried out under conditions far different from those which existed at the time of defendant's arrest" (*People v Isaac*, 214 AD2d 749, 750, *lv denied* 86 NY2d 782). Concur—Williams, J. P., Ellerin, Wallach, Lerner and Rubin, JJ.