■ In the Matter of LARRY SHAW, Petitioner, v EMILY JANE GOODMAN, as Justice of the Supreme Court of the State of New York, et al., Respondents. [736 NYS2d 870] —Petitioner's application pursuant to CPLR article 78, inter alia, to prohibit consideration by Justice Emily Goodman of the Shaw Estate's motion for partial summary judgment in the underlying action, converted, pursuant to CPLR 103 (c), to an application pursuant to CPLR 5704 (a), and, thereupon, unanimously granted to the extent of directing that the Estate's motion for partial summary judgment, made pursuant to an order to show cause of the Supreme Court, New York County (Marilyn Diamond, J.), signed on or about August 19, 2001, be referred to Judicial Hearing Officer Martin Evans to hear and decide pursuant to the order of reference of the same court (Emily Goodman, J.), dated June 7, 1995, and to vacate the stay of all proceedings in the underlying matter imposed by Justice Goodman, without costs.

This proceeding, commenced by petitioner pursuant to CPLR article 78, should have been brought pursuant to CPLR 5704 (a) as one to vacate or modify an ex parte order. We thus convert the proceeding accordingly (CPLR 103 [c]), and, upon such conversion, find that the parties are bound by the order dated June 7, 1995, in which the IAS court explicitly referred to the Judicial Hearing Officer, not only the contempt issue, but "all remaining issues in the [underlying] matter," expressly vacating an earlier order of limited scope. Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL DEALMA, Appellant. [736 NYS2d 865] —Judgment, Supreme Court, New York County (William Leibovitz, J., at hearing; Charles Solomon, J., at plea and sentence), rendered December 21, 1999, convicting defendant of attempted robbery in the second degree, and sentencing him to a term of two years, unanimously affirmed.

Defendant's suppression motion was properly denied. The police officers' directive that defendant put up his hands, prior to their patdown search of him, did not constitute custodial interrogation, and the court properly found that his ensuing statement was spontaneous and voluntary (*see*, *People v Blunt*, 273 AD2d 146, *lv denied* 95 NY2d 850). Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Friedman, JJ.