■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN WHITEN, Appellant. [759 NYS2d 870] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered August 7, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court properly exercised its discretion in admitting photographs of the crime scene taken, by means of a lens replicating the degree of magnification of the observing officer's binoculars, from approximately the same vantage point as that of the officer. These photographs, which were authenticated by the testimony of both the photographer and the observing officer, were relevant to illustrate the officer's ability to observe the sale and the power of his binoculars. Although, as the jury was made aware, these photographs were taken from a slightly different position from that of the observing officer at the time he made his observations, the officer testified that the photographs nevertheless depicted what he observed. Accordingly, the discrepancy went to weight and not admissibility (see *People v Mathison*, 287 AD2d 384 [2001], *lv denied* 97 NY2d 706 [2002]; *People v Johnson*, 256 AD2d 89 [1998], *lv denied* 93 NY2d 972 [1999]).

Defendant's related claims concerning the prosecutor's summation and the court's charge are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Andrias, J.P., Saxe, Sullivan and Ellerin, JJ.