■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MEDINA CRUZ, Appellant. [773 NYS2d 392]—

Judgment, Supreme Court, New York County (Michael Ambrecht, J.), rendered January 14, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fourth degrees, and sentencing him to concurrent terms of 1 to 3 years, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The court properly exercised its discretion in admitting photographs of the crime scene taken in daylight even though the drug transaction occurred at night. The photographs were relevant to illustrate the officer's ability to observe the sale and the power of his binoculars, and the officer's testimony made it plain to the jury that the photographs were taken under different lighting conditions from those existing at the time of the incident (*People v Mathison*, 287 AD2d 384 [2001], *lv denied* 97 NY2d 706 [2002]; *People v Rodriguez*, 278 AD2d 99 [2000], *lv denied* 96 NY2d 787 [2001]; *People v Johnson*, 256 AD2d 89 [1998], *lv denied* 93 NY2d 972 [1999]).

The court properly exercised its discretion in denying defendant's mistrial motion made after the People's summation. The challenged remarks generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, made in response to defense arguments, and the summation did not shift the burden of proof or deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Buckley, P.J., Williams, Lerner and Marlow, JJ.