People v Goodison (2021 NY Slip Op 04296)





People v Goodison


2021 NY Slip Op 04296


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


302 KA 19-01379

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COREY GOODISON, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered March 9, 2018. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of robbery in the second degree (Penal Law § 160.10 [2] [a]), defendant contends that his waiver of the right to appeal is invalid and that County Court should have granted that part of his omnibus motion seeking dismissal of the indictment on speedy trial grounds pursuant to CPL 30.30 (1) (a). As the People correctly concede, defendant's waiver of the right to appeal is unenforceable because, among other reasons, the record fails to "establish that . . . defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty—the right to remain silent, the right to confront one's accusers and the right to a jury trial, for example" (People v Lopez, 6 NY3d 248, 256 [2006]).
We nevertheless conclude that defendant abandoned his speedy trial claim by pleading guilty before the court ruled on that part of his omnibus motion and, "[a]s a consequence, defendant is 'foreclosed from pursuing the merits of [it] on appeal' " (People v Hardy, 173 AD3d 1649, 1650 [4th Dept 2019], lv denied 34 NY3d 932 [2019], quoting People v Alexander, 82 AD3d 619, 624 [1st Dept 2011], affd 19 NY3d 203 [2012]).
The omnibus motion was filed on September 7, 2017, and the court addressed the speedy trial issue at the next appearance on September 21, 2017. During that appearance, the court stated that it thought that the People announced readiness for trial in a timely manner and that a decision would be forthcoming. At defense counsel's request, however, the court entertained oral argument on the issue. Following oral argument, the court stated that it had received a written submission from defendant on the speedy trial issue and would "certainly look at that and see if it changes [the court's] mind," adding that "I think you have a feeling which way we're going to go."
Defense counsel thereafter submitted a letter to the court in support of the speedy trial claim stating, inter alia, "Because the [c]ourt has not yet issued the ruling, but has provided the parties with the basis for likely denial of the motion, I write to provide additional background and citations for the [c]ourt and the record. I respectfully request the [c]ourt consider this submission prior to issuing its ruling on the issue, and further request that it be made an exhibit to the record of trial" (emphasis added). At the end of the letter, which offers numerous reasons why the People's announcement of readiness was untimely, defense counsel stated: "On the above considerations, we respectfully request the [c]ourt reconsider its indicated ruling on the motion."
There is no indication in the record that the court thereafter issued a decision or ruling on [*2]that part of the omnibus motion with respect to the speedy trial claim. At the next court appearance, on October 20, 2017, defendant pleaded guilty, and no mention was made of his speedy trial claim. "Even assuming, arguendo, that the court at some point denied that part of defendant's omnibus motion," we cannot consider the merits of the contention because, without such a decision before us, defendant has failed in his "obligation to prepare a proper record" (People v Smith, 187 AD3d 1652, 1654 [4th Dept 2020], lv denied 36 NY3d 1054 [2021] [internal quotation marks omitted]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court