People v Collins (2025 NY Slip Op 07130)

People v Collins

2025 NY Slip Op 07130

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, NOWAK, AND KEANE, JJ.

763 KA 23-01774

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vROBERT M. COLLINS, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KELLY CHRISTINE WOLFORD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered June 15, 2010. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree, attempted kidnapping in the first degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of attempted murder in the first degree under the first count of the indictment to attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [3]) and reducing the conviction of attempted kidnapping in the first degree under the second count of the indictment to attempted kidnapping in the second degree (§§ 110.00, 135.20), and vacating the sentence imposed on those counts and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for sentencing on the conviction of attempted murder in the second degree and attempted kidnapping in the second degree.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [vii]; [b]), attempted kidnapping in the first degree (§§ 110.00, 135.25 [2] [a]), and assault in the first degree (§ 120.10 [1]).
Defendant, a janitor in the building where the victim worked, became obsessed with the victim and tracked her to her apartment building. Once there, defendant struck the victim repeatedly with a wooden club, attempted to kidnap her and, when she began to flee, he pursued her until passersby stopped to assist her. The police apprehended defendant the same day at his mobile home and recovered, among other things, a .12-gauge shotgun, a roll of duct tape, a roll of twine, a necktie, vinyl gloves, a wooden club, and a handwritten letter explaining that it was a "crime of passion" and that he intended to kill the victim.
We reject defendant's contention that County Court erred in admitting in evidence certain photographs depicting the victim's injuries. Those photographs were relevant to disputed material issues (see People v Smalls, 70 AD3d 1328, 1330 [4th Dept 2010], lv denied 14 NY3d 844 [2010], reconsideration denied 15 NY3d 778 [2010]; see generally People v White-Span, 182 AD3d 909, 914 [3d Dept 2020], lv denied 35 NY3d 1071 [2020]), i.e., the serious physical injury element of the assault in the first degree count (see Penal Law § 120.10 [1]).
Defendant also contends that the conviction of assault in the first degree is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence with respect thereto. The People were required to prove that "[w]ith intent to cause serious physical injury . . . , [defendant] cause[d] such injury to [the victim] by means of a deadly weapon or a dangerous instrument" (id.). As relevant here, " '[s]erious physical injury' means physical injury which . . . causes . . . serious and protracted disfigurement" (Penal Law § 10.00 [10]) "A person is 'seriously' disfigured when a reasonable observer would find [their] altered appearance distressing or objectionable" (People v McKinnon, 15 NY3d 311, 315 [2010]).
The People established that when defendant struck the victim with the wooden club, he caused her to suffer, inter alia, two lacerations that required stitches on her head; one in the middle back part of her scalp and another over her right eye extending into her scalp. While the photographs in the record depict the victim's condition shortly after the attack, the record is devoid of any other evidence as to the extent of the victim's scars at the time of the trial, when "the jury was able to view" them (People v Barnett, 16 AD3d 1128, 1129 [4th Dept 2005], lv denied 4 NY3d 883 [2005]). Inasmuch as defendant failed to "develop an adequate record for appellate review" (People v Johnson, 205 AD2d 309, 309 [1st Dept 1994], lv denied 84 NY2d 827 [1994]; see People v Goodison, 196 AD3d 1049, 1050 [4th Dept 2021], lv denied 37 NY3d 1096 [2021]), we are unable to provide meaningful appellate review of defendant's contention that a reasonable observer would not find the permanent scarring on the victim's forehead "distressing or objectionable," when "viewed in context, considering its location on the body and any relevant aspects of the victim's overall physical appearance" (McKinnon, 15 NY3d at 315; cf. People v Coote, 110 AD3d 485, 485 [1st Dept 2013], lv denied 22 NY3d 1198 [2014]; see generally People v Olivo, 52 NY2d 309, 320 [1981], rearg denied 54 NY2d 797 [1981]).
We agree with defendant, however, that there is legally insufficient evidence to support his conviction of attempted kidnapping in the first degree and attempted murder in the first degree. With respect to the attempted kidnapping in the first degree count, the People were required to prove that defendant attempted to abduct the victim and restrain her for more than 12 hours with the intent to inflict physical injury or sexually abuse her (see Penal Law §§ 110.00, 135.25 [2] [a]). Here, the People adduced no evidence that defendant intended to hold the victim for more than 12 hours. Instead, the evidence established that, prior to the attempted kidnapping, defendant emptied his trailer of his possessions save for the bed, shotgun, duct tape, twine, necktie, vinyl gloves, and certain personal items of the victim. There was no evidence that the trailer had any food or beverages inside, other than a mostly-consumed bottle of scotch. Defendant stated that he intended to bring the victim back to his residence and "reason" with her and intended to kill her and kill himself in the event he was unsuccessful. Even viewing the evidence in the light most favorable to the People, we conclude that there is no " 'valid line of reasoning and permissible inferences from which a rational jury could have found the element[ ] of [intent to restrain for more than 12 hours] prove[n] beyond a reasonable doubt' " (People v Lewis, 208 AD3d 989, 989 [4th Dept 2022], lv denied 39 NY3d 941 [2022], quoting People v Danielson, 9 NY3d 342, 349 [2007]).
Inasmuch as the attempted murder in the first degree count in the indictment required proof that the attempted murder was committed in the course of and in furtherance of attempted kidnapping in the first degree, the evidence with respect to that count is likewise insufficient (see Penal Law §§ 110.00, 125.27 [1] [a] [vii]). However, on this record, we conclude that the evidence is legally sufficient to support a conviction of the lesser included offenses of attempted kidnapping in the second degree (§§ 110.00, 135.20) and attempted murder in the second degree (§§ 110.00, 125.25 [3]; see generally People v Henry, 159 AD3d 1477, 1478-1479 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]). We therefore modify the judgment accordingly.
Contrary to defendant's contention, the sentence imposed on the remaining count of assault in the first degree is not unduly harsh or severe. We have reviewed defendant's remaining contention and conclude that it does not require further modification or reversal of the judgment.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court